IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMERIGUARD, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0369-CV-W-ODS |
| ) | |
| UNIVERSITY OF KANSAS MEDICAL ) | |
| CENTER RESEARCH INSTITUTE, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM

Pending is Defendant's Motion to Dismiss for Failure to State a Claim. After considering the parties' arguments, the Court grants the motion (Doc. # 6).

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff. The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).

Plaintiff, (Amerigard, Incorporated) alleges Defendant (The University of Kansas Medical Research Institute, Incorporated) violated 47 U.S.C. § 227 by sending it an "unsolicited advertisement" via a telephone facsimile machine (more commonly referred to as a "fax"). Plaintiff desires to assert a class action on behalf of itself and all others who received the fax from Defendant. Defendant contends the fax is not an "unsolicited advertisement" as that phrase is defined in the statute. The fax is attached as an exhibit

to the Complaint, so Mattes allows the Court to examine its contents without converting the Motion to Dismiss into a Motion for Summary Judgment.

An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4). The fax in question generally seeks participants in a clinical research trial for "prevention of diabetes." The fax discusses general information about diabetes and "Pre-Diabetes," announces the clinical research trial, and states that "[p]articipants who qualify receive study related medical care, study medication and diet and exercise counseling at no cost. Participants will also receive compensation for their time and travel." Then, above a section for the recipient to provide contact information, the fax advises "i]f you or a loved one could benefit from participating in this trial or you would like additional information about diabetes information, please call . . . or fill out the form below . . . ."

The critical issue is whether the fax advertises the "commercial availability" of goods, services or property. The Court concludes, as a matter of law, that it does not. It announces the existence of a clinical drug trial and Defendant's need for individuals willing to serve as test subjects and does not announce Defendant is providing or otherwise has available goods, services, or property. See Lutz Appellate Servs., Inc. v. Curry, 859 F. Supp. 180, 181 (E.D. Pa. 1994) (fax announcing existence of job openings does not advertise commercial availability of goods, property or services). Moreover, regardless of how one views the fax, it does not suggest anything "commercial." Plaintiff contends the invitation for people to obtain "information about diabetes prevention" qualifies as "commercial availability" of Defendant's goods, but the Court disagrees for two reasons. First, the Complaint does not allege Defendant makes "information about diabetes prevention" commercially available (as opposed to simply delivering it to people), nor does it allege Defendant sells medication directly to the public. Second, there is no suggestion Defendant included the call for volunteers as a smokescreen to mask a true purpose of engaging in the commercial activity of providing information or selling medicine. See Kenro, Inc. v. Fax Daily, Inc., 962 F. Supp. 1162,

2

1170-71 (S.D. Ind. 1997) (finding the affixing of non-commercial information to a commercial advertisement to be an attempt to evade restrictions on faxing commercial advertisements).

      The fax sent by Defendant is not an "unsolicited advertisement" within the meaning of 47 U.S.C. § 227, so the case is dismissed for failure to state a claim.

IT IS SO ORDERED.

|  |  |
|---|---|
| DATE: June 23, 2006 | /s/ Ortrie D. Smith<br>ORTRIE D. SMITH, JUDGE<br>UNITED STATES DISTRICT COURT |